IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RITA A. LARCOM,

          Plaintiff,

        vs.                            Case No. 06-1141-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.

MEMORANDUM AND ORDER

Plaintiff Rita Larcom has applied for Social Security disability benefits.  Her application was

denied by the ALJ on June 17, 2005, a decision affirmed by the Appeals Council on March 30, 2006.

There are two allegations of error by Larcom.  First, that the ALJ improperly determined that her

depression was not severe, and failed to consider the combined effect of her impairments.  Second,

that the ALJ's Step 5 determination fails to resolve a conflict between the testimony of the vocational

expert (VE) and the Dictionary of Occupational Titles (DOT).

Plaintiff-claimant  was born on January 14, 1956. She has stated that she became disabled

beginning December 11, 2003. She has a high school education.  She has previously worked a

variety of semi-skilled work.  She has cited a variety of ailments, including diabetes mellitus with

neuropathy, carpal tunnel injury, hypertension, obesity, headaches, and untreated mental disorder.

The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's

opinion (Tr.16-27), set forth *seriatim* in the argument sections of the briefs of Larcom (Dkt. No. 11, at 3-1) and the Commissioner's response (Dkt. No. 17, at 3-8).

The ALJ concluded that Larcom was severely impaired due to chronic lubroscral pain, diabetes mellitus, arthritis in the knees, mild obesity, and a history of angina, but that the impairments did not meet or equal any listed impairment.  The ALJ concluded that Larcom had an RFC which would permit her to perform a significant range of light work.  He concluded that Larcom was restricted in

> lifting or carrying up to 20 pounds occasionally and up to 10 pounds frequently, sitting up to 6 hours of an 8-hour day, and standing or walking up to 4 to 5 hours of an 8-hour day. The [claimant] must alternate sitting and standing every 30 to 40 minutes for relief of back and knee pain. The claimant is restricted to no more than occasional bending, stooping, squatting, kneeling, crawling, and climbing due to back and knee pain, her cardiac disorder, and obesity. As a result of her history of carpal tunnel syndrome, the claimant must avoid repetitive gross manipulation and working with her arms. She is limited to frequent (2/3 of an 8-hour day) handling and working with her arms.

(Tr. 28). The ALJ determined that Larcom's RFC  would not permit her to return to her prior work.  However, he found that she could work in other jobs such as information clerk or order clerk.

As noted earlier, Larcom contends that the ALJ erred in failing to determine that her depression was a severe impairment.  The court finds  no error in the ALJ's assessment of Larcom's mental disorder.  The ALJ's opinion accurately describes the four-factor approach for determining the effect of mental disorders (Tr. 19), and then proceeds to apply the evidence to those factors (daily living, social functioning, concentrational ability, and decompensational episodes). (Tr. 20-21).

Larcom notes that she has been treated by Larry Bumgardner, D.O., for depression since 2002 who had been prescribing Paxil for her depression.  She argues that the ALJ improperly discounted Bumgardner's statements as to her mental condition in 2005.  She points to her April, 2005

hospitalization in which she reported suicidal ideation, and suggests that the ALJ erred in citing the report of her January, 2005 hospitalization for angina, which explicitly stated that the patient "does not report any anxiety or depression." (Tr. 290). She contends that she didn't report it only due to the exigencies of being in the emergency room for a heart condition. Finally, she suggests that the ALJ's notation that there was a lack of evidence which would suggest continuing problems after Larcom resumed taking Paxil was an improper reliance on an absence of evidence, and contrary to *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993).

With respect to Dr. Bumgardner, the ALJ explicitly found his utility limited for other reasons, reasons which Larcom does not otherwise dispute. Further, he said that the depression combined with stresses from marital discord was "quite an additional problem," (Tr. 263), a problem which he never attempted to quantify.

The ALJ accurately noted, as Larcom observes, that she "credibly experienced an exacerbation of depression due to feeling overwhelmed by caring for her husband as well as conflicts with her children, due in part to her discontinuance of medication." (Tr. 21). However, the ALJ also immediately after this statement noted that Larcom had "reinstated mediation and agreed to pursue counseling." *Id.* He made these comments in the context of concluding that the evidence was insufficient to meet the 12-month durational standard for severe disorders.

The ALJ determined that Larcom's mental disorder, viewed from a number of perspectives, were no more than mild in their effect. They did not prevent her from providing 24-hour a day care for her husband, who is in a wheelchair and on dialysis. When not limited by her husband's health she is able to socialize with others. There is no evidence of an inability to maintain her concentration. She reads and is able to care for herself and her husband. The ALJ explicitly noted

3

that "[h]er mood improved with treatment and resumption of antidepressant medication." (Tr. 20). There was substantial evidence in the record to support the ALJ's determination that the post-hearing 2005 hospitalization was a temporary event triggered by Larcom's failing to take her medication.

Finally, Larcom complains that the ALJ erred in failing to consider the depression in combination with her other impairments. But the ALJ's opinion explicitly states in determining if Larcom's impairments met or exceeded any listed impairment, he looked at the impact of "any of the claimant's impairments, either singly or in combination." (Tr. at 21). In reaching his conclusion as to Larcom's RFC, the ALJ considered the effect of all of Larcom's impairments, "even those that are determined to be nonsevere," which would include her alleged mental disorder. (Tr. 25).

Next, Larcom suggests the ALJ erred in failing to inquire of the VE about absence of a standing-sitting limitation as affecting the other positions in the national economy which might be available for her to work. Larcom contends that the absence of this inquiry reflects a violation of SSR 00-4p.

The regulation, adopted in the wake of *Haddock v. Apfel*, 196 F.3d.1084, 1091 (10th Cir. 1999), requires the ALJ to advance such inquiry in order to assure a consistency between the VE's understanding of a given job's requirements and the nature of the job as deliniated in the DOT. However, the absence of such an inquiry is not fatal if there is no underlying conflict between the VE and the DOT. *See Cobbs v. Barnhart*, No. 03-2203-GTV, 2004 WL 2218387, *8 (D. Kan. Sept. 28, 2004). Here, Larcom concedes in her appellate brief that there is no essential conflict between the DOT and the VE as to the nature of the information clerk or order clerk positions, and that the DOT does not contemplate any stand/sit alternation. (Dkt. No. 11 at 11). Accordingly, the ALJ was not required by *Haddock* or SSR 00-4p to clarify a conflict which did not exist. Further, the

4

hypothetical question posed by the ALJ to the VE implicitly incorporated reference to a need for alternating postures.  (Tr. 353).

IT IS ACCORDINGLY ORDERED this 9th day of August, 2007 that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE